IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03168-WJM-MEH

CAROLA TSCHIEMER,

      Plaintiff,

v.

SERVICESOURCE NETWORK and
SERVICESOURCE INC.,

      Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 25, 2011.**

      Defendant's Motion to Drop Nonexistent and Unserved Party [filed April 28, 2011; docket #22] is **denied without prejudice**. The Court finds that some additional time and discovery is justified to determine whether ServiceSource Network exists as separate legal entity and whether Plaintiff exhausted her administrative remedies with respect to her ADA claims against ServiceSource Network. *See Beene v. Delaney*, 70 F. App'x 486, 490 (10th Cir. 2003) (finding that when evidentiary matters outside of the plaintiff's complaint concerning exhaustion of remedies are presented to the court, a motion to dismiss should be treated as a motion for summary judgment). As such, the Court finds good cause to extend the deadline for service set forth in Fed. R. Civ. P. 4(m).

      In this case, the discovery deadline is December 9, 2011. Discovery has been proceeding since approximately April 15, 2011. Plaintiff's counsel was aware of this issue in early March 2011[1] and stated her intention possibly to drop ServiceSource Network as a party in this case on or about April 15, 2011. *See* Scheduling Order, ¶ 8.d., docket #21 at 7. Therefore, the Court will allow the Plaintiff a total of two months, or until June 15, 2011,[2] to discover the information necessary to determine the corporate and/or legal status of ServiceSource Network and effect service upon that defendant.[3] If the Plaintiff fails to effect proper service on or before June 15, 2011, the Court will entertain a renewed motion to dismiss ServiceSource Network by Defendant ServiceSource, Inc.,

---

[1] *See* this Court's May 25, 2011 order in *Boles v. ServiceSource Network, et al.*, Case No. 10-cv-02498-MSK-MEH.

[2] This deadline provides the Plaintiff an extension of approximately 45 days past the deadline set forth by Fed. R. Civ. P. 4(m), which is reasonable under the circumstances.

[3] The Court notes that, other than attempting to mail a waiver of service to ServiceSource Network in January 2011, Plaintiff describes no other efforts or attempts to serve this entity.

if necessary.